# Keyes's Appeal.

1. Lester and Parish purchased land jointly of Baker in 1852, (the legal title of which was in King), and gave him their note payable in a year; they purchased King's title, the consideration to be paid in four years. Keyes agreed in writing to convey his interest to Parish on being released from all obligations for the purchase-money. Parish paid all the purchase-money to King. Baker not having been heard of for fifteen years and no claim having been made on his note, in 1869; on a bill for that purpose the court decreed that Keyes should convey to Parish on his filing an indemnity against any claim on Baker's note. *Held*, that the decree was correct.

2. Baker's note being barred by the Statute of Limitations, Keyes was released from all obligation on account of it.

March 28th 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Appeal from the Court of Common Pleas of *McKean county :* In Equity : No. 381, to January Term 1870.

The bill in this case was filed, April 28th 1870, by Martha Parish, guardian of Ida E. Parish and Lester Parish, minor children and heirs of Lester Parish.

The bill averred :—

1, 2 and 3. That the decedent and the defendant being partners in 1852 purchased from James Baker his interest in a tract of 155 acres of land for $300, for which sum they gave him their note, not under seal, payable in one year; that the legal title being in W. K. King, on the 1st of March 1853 they purchased it from him for $845.38, payable in instalments, running to March 1st 1857.

4 and 5. That the partnership was dissolved, and on the 12th of October 1859 the decedent and defendant entered into this agreement: " The said Keyes, in consideration of five hundred dollars in hand paid, the receipt whereof is hereby acknowledged,

[Keyes's Appeal.]

doth hereby assign all his right, title and interest in 'and to a certain piece of land, situate, &c., containing 150 acres, being, &c. The said Keyes agrees that when the said Parish shall release him from all obligations given for the above-described property, that then the said Keyes shall assign all his right, title and interest in and to the above-described land to Lester Parish."

6. That the parties afterwards sold and conveyed 50 acres of the tract to John Parish.

7 and 8. That the decedent died in January 1867, leaving his widow, the above-named Martha, and the above-named children; that the decedent in his lifetime, and his widow and children since his death, have occupied the remaining 105 acres of the tract.

9. That the decedent in his lifetime, and his administrator since his death, have paid to King all the purchase-money payable to him.

10. That soon after giving the note to Baker, he left the neighborhood and had not returned; the note had not been presented for payment, nor had he been heard of, and that there was no legal liability for its payment, being barred by the Statute of Limitations.

11. That the defendant had refused, after demand, to convey his interest to the minors.

The prayer was that the defendant be decreed to convey to the minors, &c.

The defendant answered as follows:—

2. I admit that the note stated was given to James Baker, but deny that it was not under seal, and that it has in any manner been paid by said Parish.

3. I deny that there is no legal liability to pay said note or that the same is barred by the Statute of Limitations, and aver that if it were so barred there is a moral and equitable liability on me to pay the same still existing, and that said Parish has done nothing to release me "from all obligations given for said land."

4. I aver that in equity I am entitled to receive one-half the amount of the note given to Baker, if it were paid or barred by the Statute of Limitations, before making a conveyance of the land.

5. I deny that a conveyance of my interest in the land has ever been demanded of me and refused, but aver that I have been, and am ready and willing to make such conveyance when the plaintiffs shall show a performance of the contract, and exhibit to me the evidence of such performance.

A replication was filed and an examiner appointed, before whom testimony was taken, mainly on the question of demand on Keyes and his refusal to make the conveyance.

On the 26th of January 1870 the court (Williams, J.) decreed:

" That the agreement referred to in the pleadings between Daniel J. Keyes, the defendant, and Lester Parish, deceased, be specifically performed and carried into execution; and that the defendant do, on or before the 23d day of February next, execute a good and sufficient deed of conveyance of the premises in the said agreement mentioned to the said Ida Ellen Parish and Lester Parish, to vest in them all the interest he has in the said premises by virtue of said agreement, and according to the terms thereof, and lodge said deed with the prothonotary of the Court of Common Pleas of McKean county; and that the plaintiff shall, on or before said 23d day of February 1870, execute a bond in the penal sum of $1000 with surety, to be approved by the court, conditioned to indemnify the said D. J. Keyes against the payment of the note for $300 to James Baker, and from all costs and expenses on account thereof; and that the said plaintiff shall abide by and perform the decree of the court in any bill for an account or contribution growing out of the non-payment of said note, which said D. J. Keyes may exhibit within five years from this date; and upon the delivery of such bond said plaintiffs to be permitted to take from the custody of the prothonotary the deed lodged with him in pursuance of this decree."

The defendant appealed, and assigned the decree for error.

*B. D. Hamlin*, for appellant, cited Biddle *v.* Moore, 3 Barr 161; Morrison *v.* Funk, 11 Harris 421; 2 Story's Eq. Jur. § 750; Brightly's Eq. §§ 190–2, 205, 206; Tiernan *v.* Roland, 3 Harris 429; Backus's Appeal, 8 P. F. Smith 186.

*R. Brown*, for appellees, cited Coleman *v.* Fobes, 10 Harris 156; Whitcomb *v.* Whiting, Douglass 629; Steel *v.* Steel, 2 Jones 64; 2 Williams on Executors 1282; Hoch's Appeal, 9 Harris 280; Taylor *v.* Gould, 7 P. F. Smith 152; Bank *v.* Israel, 6 S. & R. 294; Ekel *v.* Snevily, 3 W. & S. 272; Morrison *v.* Funk, 11 Harris 421.

The opinion of the court was delivered, July 7th 1870, by

READ, J.—Lester Parish and Daniel J. Keyes being then in partnership purchased from one James Baker in 1852 his interest in 155 acres of land, in the township of Eldred, McKean county, for $300, and gave the said Baker their joint promissory note therefor, payable within one year thereafter.

The title to said land was then in W. K. King, and on the 1st March 1853 the said partners made a contract in writing with him for said land for $845.38, payable in instalments, running to the 1st March 1857 with annual interest.

After this purchase from King, the said Parish and defendant dissolved partnership by agreement, said Keyes taking all the

partnership effects, and assuming to pay all the partnership debts, except the unpaid purchase-money, on the land aforesaid to the said King and Baker. That was assumed to be paid by the said Parish, and defendant was to release his interest in said land to said Parish.

By an agreement in writing on the 12th October 1859, Keyes covenanted, that when Parish should release him (Keyes) from all obligations given for said land, that then the said Keyes should assign all his right, title and interest, in and to the said land, to said Lester Parish.

Parish sold 50 acres from the south part of said land to John Parish, and Keyes released his interest in the same to said Parish, and King executed a deed to him therefor.

Lester Parish died in January 1867, leaving a widow and two minor children, he having been in his lifetime in possession of the said 105 acres, as his widow and heirs have been since his decease. The said Lester Parish in his lifetime and his administrators since his decease have paid the whole purchase-money to said King in full for the said 155 acres.

Soon after the giving of the note to Baker, he left the country, and neither he nor the note has ever been heard of since, and unless under seal, of which there is no evidence, has long been barred by the Statute of Limitations.

The defendant has therefore been released from all obligations given for the said property by the payment to King, and the note to Baker being completely barred by the Statute of Limitations.

The plaintiffs therefore, upon giving a proper indemnity, are entitled to a full assignment and conveyance, by the defendant, of all his interest in the said 105 acres.

The objection of the defendant that the note is still outstanding is unreasonable, because no one knows where the note is, nor can say whether it is in existence or not. As therefore it is impossible to pay the note, and as it is almost certainly barred by the Statute of Limitations, there being no proof whatever that it was under seal, the only proper course for a court of equity is to take a proper indemnity from the plaintiffs against the said note.

The decree of the court below effects this object.

> Decree affirmed and appeal dismissed at the costs of the appellant.